UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SOUTHERLAND,

       Petitioner,

                                 CASE NO. 04-CV-73365-DT
v.                              JUDGE VICTORIA A. ROBERTS
                               MAGISTRATE JUDGE PAUL J. KOMIVES

MARY BERGHUIS

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's motion for a certificate of appealability.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Petitioner James Southerland is a state prisoner currently confined at the Brooks Correctional Facility in Muskegon, Michigan. On August 30, 2004, petitioner filed an application for the writ of habeas corpus, challenging his 1998 state court convictions for first degree criminal sexual conduct. On December 12, 2005, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On April 14, 2006, the Court entered an order accepting my recommendation. On May 8, 2006, petitioner filed a notice of appeal and a motion for a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that

"[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. This standard must be applied with reference to the substantive standards of review reflected in § 2254(d), as amended by the AEDPA. *See Medellin v. Dretke*, 544 U.S. 660, 679 (2005) (per curiam); *Miller-El v. Cockrell*. 537 U.S. 322, 336 (2003); *id*. at 349-50 (Scalia, J., concurring). Further, "[t]he new Act . . . require[s] that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073 (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C.     *Analysis*

    1.     *Ineffective Assistance of Counsel Claims*

In his habeas application, petitioner raised a number of challenges to the performance of his trial counsel. Specifically, he contended that counsel failed to communicate a plea offer to him, conceded his guilt, and failed to object to prosecutorial misconduct. In my prior Report, I recommended that the Court deny the application for habeas relief on each of these grounds. The Court should conclude that petitioner is not entitled to a certificate of appealability with respect to these claims.

As explained in my prior Report, there is simply no evidence to suggest that the prosecution ever made any plea offer to petitioner's trial counsel. *See* R&R, at 14-15. Because this factual matter is not debatable, it follows that the Court's resolution of petitioner's claim is not debatable because the antecedent question with respect to such a claim is whether the prosecutor in fact extended any plea bargain to counsel. *See* R&R, at 14 (citing *Guerrero v. United States*, 383 F.3d 409, 417 (6th Cir. 2004); *Wanatee v. Ault*, 101 F. Supp. 2d 1189, 1200-01 (N.D. Iowa 2000)). Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

Likewise, petitioner cannot show that the Court's resolution of his claim that counsel inappropriately conceded his guilt is debatable among jurists of reason. As explained in my Report, it is beyond dispute that a concession of guilt made as part of a reasonable trial strategy is not the equivalent of counsel entering a plea of guilty on behalf of the defendant, and that such a concession is governed by the ordinary ineffective assistance analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* R&R, at 17 (discussing *Nixon v. Florida*, 125 S. Ct. 551, 560-62 (2004)). Under this standard, it cannot be debated that counsel's concession of guilt in this case was a reasonable trial strategy. Counsel conceded that petitioner might be guilty of one count of second degree criminal sexual conduct, a concession which was all but required by petitioner's statements to his wife and the police. Nonetheless, counsel plausibly argued that this was the extent of

petitioner's guilt, and that the remaining allegations made by the victim and petitioner's wife which led to the six charges of first degree criminal sexual conduct were untrue. In these circumstances, it is not reasonably debatable that counsel's strategy was a reasonable strategic decision not amounting to deficient performance under *Strickland*. *See* R&R, at 18. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

Petitioner also contended in his habeas application that trial counsel was ineffective for failing to object to the instances of prosecutorial misconduct he asserts as bases for habeas relief. As explained below, the Court's resolution of this underlying prosecutorial misconduct claims is not debatable among reasonable jurists. Because it is clear that "counsel cannot be deemed ineffective for failing to raise a meritless objection," R&R, at 19 (citing *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993)), it follows that the Court's resolution of this ineffective assistance of counsel claim is not debatable among reasonable jurists.

Finally, petitioner asserted that his appellate counsel was ineffective for failing to raise his habeas claims on direct appeal. To establish that appellate counsel was ineffective, petitioner must show that his claims would have succeeded on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). Because the Court's resolution of petitioner's habeas claims is not debatable among reasonable jurists, the Court's resolution of petitioner's ineffective assistance of appellate counsel claim is likewise not debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to any of his ineffective assistance of counsel claims.

      2.     *Prosecutorial Misconduct Claims*

Petitioner also raised in his habeas application several prosecutorial misconduct claims. As with his ineffective assistance of counsel claims, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to these claims.

Petitioner first contended that the prosecutor impermissibly commented on his silence. As explained in my prior Report, the prosecutor's comments related not to petitioner's silence, but to his actual statements to his wife. *See* R&R, at 20-21. Further, even if the prosecutor's comments were directed at petitioner's silence, it is well established that the prohibition on a prosecutor's comment on a defendant's silence is "limited to situations in which the defendant's silence was induced by the governmental assurances embodied in the *Miranda* warnings." R&R, at 22 (citing *Fletcher v. Weir*, 455 U.S. 603, 606 (1982) (per curiam); *Jenkins v. Anderson*, 447 U.S. 231, 240 (1980)). It is not debatable that petitioner's statements and silences occurring during the course of a conversation with his wife involved no governmental action which induced petitioner to remain silent. *See id.* (citing *Arizona v. Mauro*, 481 U.S. 520, 527 (1982)). Petitioner therefore is not entitled to a certificate of appealability on this claim.

With respect to petitioner's remaining prosecutorial misconduct claims, as explained in my previous Report each of the challenged statements amounted to nothing more than the prosecutor's permissible arguments as to why the jury should find the victim credible. *See* R&R, at 22-24. It is beyond dispute that such comments, based on the evidence and fair inferences from the evidence, do not amount to prosecutorial misconduct. *See Nichols v. Scott*, 69 F.3d 1255, 1283 (5th Cir. 1995); *Millender v. Adams*, 187 F. Supp. 2d 852, 875 (E.D. Mich. 2002) (Rosen, J.). Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to these claims.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner has failed to make a substantial showing of a denial of a constitutional right with respect to any of his claims. Accordingly, the Court should deny petitioner's motion for a certificate of appealability.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 6/5/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 5, 2006.
>
> s/Eddrey Butts
> Case Manager